## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| JOSEPH MAINIERI and JOHN A. IAROLO, | : | Civil Action No.: 07-1133 (PGS) |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : | **OPINION AND ORDER** |
|  | : |  |
| BOARD OF TRUSTEES OF THE OPERATING ENGINEER'S LOCAL 825 PENSION FUND, et al. | : |  |
|  | : |  |
|  | : |  |
| Defendants. | : |  |

**SALAS, United States Magistrate Judge,**

This matter is before the Court on Joseph Mainieri's ("Mainieri") and John A. Iarolo's ("Iarolo") (collectively, "Plaintiffs") motion to expand the scope of permissible discovery. Defendants seek to limit the scope of this action to the administrative record.  Having considered the briefs pursuant to Fed. R. Civ. P. 78, Plaintiffs' motion is **GRANTED.**

## I.      BACKGROUND

In 1964 (Mainieri) and 1966 (Iarola), Plaintiffs joined the Operating Engineer's Local 825 Labor Union ("Local 825") and became participants of the corresponding Local 825 Pension Fund ("the Fund").  (Compl. ¶ 3-7, 12-13.)  Local 825 directly, and through its Board of Trustees, managed the Fund for the benefit of its members.  (*Id.* ¶ 8.)  Eventually, in 2000 and 2001, Mainieri and Iarolo, respectively, chose to transfer their union membership to the Operating Engineers Local 14 in New York City.  (*Id.* ¶ 19, 28.)  As of May 2000, Mainieri had accumulated 42 pension credits, 2 credits in excess of the 40 needed to retire.  (*Id.* ¶ 16.)

Similarly, Iarolo, in July 2001, had also acquired 42 pension credits.  (*Id.* ¶ 28.)

Before making the transfer to the New York City Local 14, both individuals claim to have contacted the Local 825 fund managers to determine whether they could apply for and receive their pensions before transferring their respective union memberships.  They were told by Fund representatives that they could not collect their pensions until they stopped working as crane operators and that they could not collect any pension monies if they transferred to the New York City Local 14.  (*Id.* ¶ 18, 29.)  Relying upon this information, Plaintiffs transferred unions but did not apply for their Local 825 pensions.  (*Id.* ¶ 20, 31.)

Under fund policy, however, those pension credits were actually available immediately. Years later, Plaintiffs learned that the information previously given to them had been incorrect and that each of them had been eligible to receive their Local 825 pensions as of the date that they transferred unions.  (*Id.* ¶ 21-22, 32-33.)  In March and April of 2006, Mainieri and Iarola applied for their pensions through Local 825 and asked for retroactive benefits dating back to March 28, 2000 and June 20, 2001, the last day that each had worked at Local 825.  (*Id.*)  While the Fund approved payment of their pension, it denied the request for retroactive benefits.  (*Id.*) Both individuals immediately appealed the decision to deny, and each appeal was subsequently denied by the Trustees of the Fund.  (*Id.* ¶ 23, 34)  Plaintiffs now claim that they relied upon the misrepresentations made by the Local 825 Fund managers, resulting in the loss of several years of benefits.  They bring claims under (1) ERISA § 502(a)(1)(B), contesting the denial of retroactive benefits; and (2) ERISA § 502(a)(3), claiming breach of fiduciary duty.

The present motion concerns the scope of discovery available to Plaintiffs.  Specifically, they ask for leave to take the depositions of Christine Medich, Thomas Edwards, and Eric

Torbic.[1]  Ms. Medich is the Administrator of the Fund and the file provided to Plaintiffs by Defendants contains several emails written by her.  Mr. Torbic and Mr. Edwards are also associated with the Local 825 Fund and the files for both Iaroli and Mainieri contain emails written by both individuals.[2]

## II.   ANALYSIS

### A.   Denial of Benefits Pursuant to § 502(a)(1)(B)

The Supreme Court has held that *de novo* is the default standard of review for a trial court to apply in analyzing the allegedly wrongful termination of benefits by an ERISA administrator. *Firestone Tire & Rubber Co. v. Bruch*, 498 U.S. 101, 113 (1989).  However, where the administrator exercises its discretionary authority to make a claim determination, abuse of discretion governs that decision.  *Id.* at 115.  Finally, "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed...in determining whether there is an abuse of discretion."  *Id.*  Recently, the Supreme Court held that a structural conflict – in which an administrator both "evaluates claims for benefits and pays benefits claims" – creates the kind of conflict of interest contemplated by

---

[1] Plaintiffs are actually very vague with regard to the specific discovery that they seek through this motion.  They mention the following individuals as those having knowledge of disputed facts: Christine Medich, Eric Torbic, Thomas Edwards, Joseph Corcoran, and David DeRyder.  (Pls.' Br. at 1.)  They then discuss an e-mail addressed to Kenneth Campbell, the Chairman of the Local 825 Pension Fund.  (*Id.* at 2.)  However, the only specific requests for deposition relate to Ms. Medich, Mr. Torbic, and Mr. Edwards.  The Court treats the present motion, therefore, as asking for only those three depositions.

[2] Several months after the completion of briefing, Plaintiffs filed a motion for leave to file a supplemental memorandum (Docket Entry # 13.)  They sought, through that memorandum, to address the Supreme Court's decision in *Metropolitan Life Ins. v. Glenn*, 128 S.Ct. 2843 (2008).  The Court denies Plaintiffs' leave to file their motion, and the supplemental memorandum will not be considered for purposes of this motion.

*Firestone.  Metropolitan Life Ins. v. Glenn*, 128 S.Ct. 2843, 2348, 2350 (2008).

The Third Circuit applies a heightened arbitrary and capricious standard of review to such structural conflicts of interest.  *Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377, 392 (3d Cir. 2000).  In 2004, the Third Circuit expanded the class of conflicts that warrant heightened review, adding those that evince a demonstrated procedural irregularity, bias, or unfairness in the review process.  *Kosiba v. Merck & Co.*, 384 F.3d 58, 66 (3d Cir. 2004).  The Third Circuit has adopted a standard of review in which the degree of scrutiny applied by a district court to an administrator's discretionary determination varies on a sliding scale depending upon the nature of the structural or procedural irregularities that influenced the decision.  *Id.* at 392.

In light of the varying standards of review, courts have struggled to define the proper scope of discovery to allow in § 502(a)(1)(B) cases.  As a general matter, "only evidence in the administrative record is admissible for the purpose of determining whether the plan administrator's decision was arbitrary and capricious."  *Post v. Hartford Ins. Co.*, 501 F.3d 154, 168 (3d Cir. 2007).  However, consideration of extrinsic evidence of "potential biases and conflicts" is allowed at the merits stage to help a court determine whether and how much to heighten its review.  *Id.*  Other district courts in the Third Circuit have therefore found that discovery into issues of bias and conflict of interest is permissible.

In *Security Mutual Life Ins. Co. of New York v. Joseph*, 2007 U.S. Dist. LEXIS 47664 (E.D.Pa. June 29, 2007), Judge Gardner conducted a thorough analysis of Third Circuit precedent and its potential application to the scope of discovery.  He found that a claimant could receive discovery beyond the administrative record by demonstrating that the "plan administrator had an inherent structural conflict of interest, point[ing] out specific indicia tending to indicate the

-4-

existence of a conflict of interest in the non-inherent conflict context or demonstrat[ing] a

procedural irregularity, bias or unfairness in the claims review process or on the face of the

administrative record."  *Id.* at \*22.  Similarly, Judge Thompson, in *Delso v. Trustees of the*

*Retirement Plan for the Hourly Employees of Merck & Co., Inc.*, 2006 U.S. Dist. LEXIS 76369,

\*10 (D.N.J. Oct. 20, 2006), found that "the prohibition against review of evidence outside the

record under an unmodified arbitrary and capricious standard of review, is not a justification for

denying beyond that record *ab initio*."  Instead,

> a court must first assess whether a plaintiff has a good faith basis for
> alleging some conflict or bias, and then determine whether discovery
> would aid in evaluating the alleged bias.  If the Court determines
> there is no good faith basis for the allegation, then discovery should
> be denied.  If such a basis exists, discovery should be granted.  Post-
> discovery, if the record is insufficient to find that bias or conflict
> existed, then the court will review the administrative decision under
> an unmodified arbitrary and capricious standard, discounting
> evidence outside the record as inadmissible.

*Id.* at \*10-11.  In that case, Judge Thompson found that an affidavit submitted by the claimant

raised a legitimate question as to whether the defendant had a pattern of making inconsistent

benefit decisions and warranted narrow discovery as to that specific issue of procedural bias.

This Court agrees with the analyses conducted by both the *Security Mutual* and *Delso* courts –

discovery can be taken with regard to issues that raise a good-faith allegation of procedural bias

or structural conflict of interest – but not for matters that merely speak to the merits of the

administrator's decision.

Turning to the facts of this case, Plaintiffs have not alleged the existence of a relevant

conflict or bias and none appears to exist.  The Local 825 Plan is union-funded and a separate

internal committee is vested with the discretion to interpret and administer the Plan.  Thus, the

same entity is not in charge of both funding and administering the plan, meaning that no structural conflict exists. *Pinto*, 214 F.3d at 383 (finding that when an employer "establish[es] a plan, ensure[s] its liquidity, and create[s] an internal benefits committee vested with the discretion to interpret the plan's terms and administer benefits" that structure does not present a conflict of interest). With no structural conflict, Plaintiffs must present a good-faith allegation of a procedural irregularity or bias in the review process that is sufficient to warrant additional discovery.

They fail to do so. Plaintiffs simply suggest that they were denied a "full and fair review" of their claims applications and that depositions are necessary to provide "clarity" and explanations regarding certain e-mails or to ascertain "what else" an individual might know about a given set of facts. (Pls.' Br. at 1-6.) None of these requests comes close to presenting a good-faith allegation of procedural bias or unfairness emanating from the face of the administrative record. Rather, Plaintiffs seek to depose these individuals because they disagree with the actual outcome of the decision not to award retroactive benefits. A dispute with the merits of the decision, without evidence of procedural bias or irregularity, does not suffice for purposes of granting discovery.

**B.    Breach of Fiduciary Duty Pursuant to § 501(a)(1)(B)**

Plaintiffs next argue that any "discovery limitation potentially applicable to an ERISA § 502(a)(1)(B) action is not applicable to a claim for fiduciary breach brought under ERISA § 502 (a)(3)." (Pls.' Br. at 8.) Thus, they seek to circumvent the limitations on discovery imposed in denial of benefit actions by securing similar discovery through a breach of fiduciary duty claim.

In *Bixler v. Central Pennsylvania Teamsters Health & Welfare Fund*, the Third Circuit

confirmed that ERISA does provide an individual cause of action for breach of fiduciary duty. 12 F.3d 1292, 1299-1300 (3d Cir. 1993). The Court adopted Justice Brennan's concurrence in *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985), which explained that individual recovery for breach of fiduciary duty was available under the "other appropriate equitable relief" clause of § 502(a)(3). *Id.* at 1298. In *Varity*, the Supreme Court explained that § 502(a)(3) is a catchall provision that serves as a safety net to "[offer] appropriate equitable relief for injuries caused by violations that Section 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996). Moreover, the Court found that "a breach of fiduciary duty does not necessarily change the standard a court would apply when reviewing the administrator's decision to deny benefits." *Id.* at 514.

In the wake of *Bixler* and *Varity*, there is a split among circuits and courts in this district as to whether a plaintiff can simultaneously bring an action for benefits under 502(a)(1)(B) and 502(a)(3). While the Third Circuit has yet to address the issue, the most recent decisions on the issue in this circuit have found that *Varity* does not "impose a bright-line prohibition on Section 502(a)(3) claims when Section 501(a)(1)(B) [claims] are also set forth." *Chang v. Life Ins. Co of America*, No. 08-0019, 2008 WL 2478379, at *4 (D.N.J. June 17, 2008); *see also Beye v. Horizon Blue Cross Blue Shield of New Jersey*, 2008 WL 2944674, at *14 (D.N.J. Aug. 1, 2008). Thus, at the pleading stage, Plaintiffs can assert alternative bases for relief. The issue presently before the Court, however, is not whether either of Plaintiff's claims should be dismissed but rather whether Plaintiff can seek discovery outside of the administrative record on one claim even though that discovery is precluded by law governing the other claim.

While courts have had rare occasion to address this precise and narrow issue, the majority

of them have awarded discovery beyond that contained within the administrative record.  In

*Koert v. GE Group Life Assurance Co. et al.*, the court found that Plaintiff could assert both a

502(a)(1)(B) and 502(a)(3) claim at an early stage of the litigation and therefore could serve

discovery beyond the administrative record.  2005 U.S. Dist LEXIS 14132 at *10 (E.D.Pa. July

13, 2005); *see also Kulkarni v. Metropolitan Life Ins. Co.*, 187 F.Supp.2d 724, 728 (W.D.Ky.

2001) (allowing for additional discovery in ERISA breach of fiduciary duty action); *Jackson v.

Rohm & Haas Co.*, No. 05-4988, 2007 WL 2916396, at *1 (E.D.Pa. Oct 1, 2007) (finding that

discovery is only limited to the administrative record in denial of benefits cases and not those

claiming breach of fiduciary duty).

      Recently, in a detailed opinion, a District Court in Wyoming recently reversed the order

of a magistrate judge and found that "case law does not constrain discovery under ERISA §

502(a)(3) actions."  *Jensen v. Solvay Chemicals, Inc.*, 520 F.Supp.2d 1349, 1355 (D.Wyo. 2007).

The *Jensen* Court found that the limitations of discovery enumerated by the Tenth Circuit in *Hall

v. Unum Life Ins. Co. Of Am.*, 300 F.3d 1197 (2002), only apply to claims arising under Section

502(a)(1)(B).  *Jensen*, 520 F.Supp.2d at 1355.  "Courts are not required to give deference to plan

committees or fiduciaries in § 502(a)(3) actions and therefore limitations to the administrative

record are not required."  *Id*.  Thus, the Court allowed Plaintiffs to take discovery limited only by

the Federal Rules of Civil Procedure and applicable Tenth Circuit case law.  This Court agrees

with the analyses set forth by the *Koert, Kulkarni*, and *Jensen* courts – discovery concerning a

breach of fiduciary duty claim does not fall prey to the same restrictions that govern denial of

benefits allegations.

      The Court is aware of the potential for a Plaintiff to abuse the discovery process by

requesting materials and inquiring into issues that overlap with or are central to their denial of benefits claims rather than their breach of fiduciary duty ones. However, the potential for abuse is limited by the fact that district courts can choose what facts to consider – outside of the administrative record – when they decide what standard of review to apply to the administrator's decision. Thus, even when a Plaintiff gains access to discovery that is more 502(a)(1)(B)-related than it is central to their 502(a)(3) claim, that discovery will not be considered by a district court addressing the former claim unless it specifically implicates a conflict of interest, bias, or procedural irregularity.

## III.  CONCLUSION

Plaintiffs' requested depositions do not implicate issues of procedural bias or structural conflicts of interest. Thus, as they pertain to Plaintiffs' 502(a)(1)(B) denial of benefits claim, they are disallowed. However, to the extent that the depositions address discovery relevant to the breach of fiduciary duty claim, they are fair game. Given that Defendants have objected to the discovery in its entirety without lodging specific objections to specific discovery requests, the Court leaves it to the parties to meet and confer regarding the actual scope of discovery in the case, noting however that it should only concern Plaintiffs' breach of fiduciary duty claim and should only be limited insofar as it runs afoul of the Federal Rules of Civil Procedure. Plaintiffs' motion is therefore **GRANTED.**

**SO ORDERED.**

s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**

-9-